UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS BARBA AND SOLIA BARBA | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF ███████████ A | § | |
| MINOR CHILD | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Cause of Action No. 20-54 |
| | § | |
| GERBER PRODUCTS COMPANY | § | |
|     *Defendant.* | § | |

## **DEFENDANT'S NOTICE OF REMOVAL**

TO:   The Honorable United States District Court for the Northern District of Texas, Amarillo

Division:

Defendant Gerber Products Company files this notice of removal under 28 U.S.C. §1446(a)

to the United States District Court for the Northern District of Texas, Amarillo Division, and would

respectfully show:

### A. Introduction

1.     On February 11, 2020, Plaintiffs Luis Barba and Solia Bara, Individually and as next

friends of ███████████ sued Defendant Gerber Products Company in the County Court at

Law No 2 in Potter County, Texas.  In their suit styled *Luis Barba and Solia Bara, Individually*

*and as Next Friends of* ███████████ *a Minor v. Gerber Products Company;* Cause Number:

109517-2-CV, Plaintiffs alleges causes of action for negligence and strict products liability related

to a foreign object in food manufactured, sold and distributed by Defendant.

2.     Defendant was served with the suit on February 13, 2020 by certified mail, which was

delivered to the Defendant's agent on February 18, 2020. This was Defendant's first notice of the

lawsuit. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C.

§1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

B. Basis for Removal

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiffs are citizens of Texas. Defendant Gerber Products Company is a corporate subsidiary with its principal place of business in Florham Park, New Jersey.

4.      Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff pleads for damages over $100,000.00. *See* Exhibit A, Paragraphs 6 and 21.

5.      Plaintiff seeks recovery for past and future medical, hospital and pharmaceutical expenses, past and future physical pain and suffering, past and future emotional pain and suffering and mental anguish, lost wages and punitive damages. *See* Exhibit A, Section VII.

6.      The Fifth Circuit has held that a court can "determine that removal [is] proper if it is facially apparent" that the claims alleged in the petition "are likely above" the jurisdictional minimum. *Allen v. R & H Oil & Gas. Co.* 63 F.3d 1326, 1335 (5th Cir. 1995). The "facially apparent" evaluation is done by looking "at the face of the complaint [and] asking whether the amount in controversy [is] likely to exceed" the jurisdictional amount. *Id.* at 1336.

7.      Based on the nature of Plaintiffs' claims that they sustained injuries and damages for which they seek recovery for past and future medical, hospital and pharmaceutical expenses, past and future physical pain and suffering, past and future emotional pain and suffering and mental anguish, lost wages and punitive damages, and that Plaintiffs seek more than $100,000.00 in damages, it is apparent on the face of Plaintiff's Original Petition that the damages sought by Plaintiffs are more likely than not to exceed the minimal amount. *Gerbia v. Wal-Mart Stores, Inc.*,

233 F.3d 880, 883 (5th Circuit 2000) (it was "facially apparent" that petition in slip and fall case satisfied amount in controversy requirement).

8.      Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibit A.

9.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

10.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## C. Jury Demand

11.      Defendant demands a trial by jury.

## D. Conclusion

12.      Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

13.      For these reasons, Defendant asks the court to remove the suit to the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

By: _C Dorsett,_ _____

C. Robert Dorsett
Attorney-in-Charge
State Bar No. 24029524
Fred Wilson
Of Counsel
State Bar No. 00788687
12912 Hill Country Boulevard, Suite F-210
Austin, Texas 78738
E-mail: eservice@dorsettjohnson.com
Telephone: (512) 600-4365
Facsimile: (512) 266-3655
E-mail: eservice@dorsettjohnson.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Swift, LLP, attorneys for the Defendant herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 4th day of March, 2020:

*Via Electronic Case Filing*
Kevin A. Isern
Lovell, Lovell, Isern & Farabough, LLP
112 S.W. 8th Avenue
Suite 1000
Amarillo, Texas 79101-2314
*Kevin@lovell-law.net*
*Attorney for Plaintiff*

_C Dorsett,_ _____
C. Robert Dorsett, Jr.

# EXHIBIT A

| P.O. Box 9570 | **POTTER COUNTY** | Phone: 806-379-2300 |
|---|---|---|
| Amarillo, Texas 79105-9570 | **Carley Snider, District Clerk** | Fax: 806-372-5061 |
| 501 S. Fillmore-Suite 1B | http://www.mypottercounty.com/page/potter.District.Clerk | districtclerk@co.potter.tx.us |

THE STATE OF TEXAS                                                                                     CIVIL

**CITATION-CERTIFIED MAIL**

CAUSE NO. 109517-2-CV
STYLE: LUIS BARBA AND SOLIA BARBA INDIVDIUALLY AND AS NEXT FRIENDS OF ████████████ A
MINOR CHILD VS GERBER PRODUCTS COMPANY
IN AND FOR THE: COUNTY COURT AT LAW #2

TO: GERBER PRODUCTS COMPANY BY SERVING REGISTED AGENT, CORPORATION SERVICE D/B/A+
211 E 7TH STREET
SUITE 620
AUSTIN TX 78701-3218

**NOTICE:** YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT
FILE A **WRITTEN ANSWER** WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

THE ADDRESS OF THE CLERK IS SHOWN ABOVE. THE PLAINTIFF'S PETITION WAS FILED ON FEBRUARY 11,
2020 IN THE COUNTY COURT AT LAW #2 LOCATED AT AMARILLO, POTTER COUNTY, TEXAS.

ATTACHED HERETO IS: PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY REQUESTS

THE ATTORNEY FOR THE PLAINTIFF IS:
KEVIN A. ISERN                          112 W 8TH AVE SUITE 1000           806-373-1515
                                        AMARILLO TX 79101

**THIS CITATION WAS EXECUTED BY MAILING A TRUE AND CORRECT COPY OF IT TO THE DEFENDANT
AND ADDRESS NAMED ABOVE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED WITH A TRUE COPY
OF THE PETITION ATTACHED.**

ISSUED AND GIVEN UNDER MY HAND AND SEAL ON FEBRUARY 13, 2020

                                        CARLEY SNIDER, CLERK OF THE COURT
                                        POTTER COUNTY, TEXAS

· BY_____DEPUTY
        (OFFICER'S RETURN FOLLOWS)

**POTTER COUNTY**

P.O. Box 9570

Amarillo, Texas 79105-9570          **Carley Snider, District Clerk**

501 S. Fillmore-Suite 1B          http://www.mypottercounty.com/page/potter.District.Clerk

Phone: 806-379-2300

Fax: 806-372-5061

districtclerk@co.potter.tx.us

----------------------------------OFFICER'S RETURN-----CERTIFIED MAIL----------------------------------

CAUSE NO. 109517-2-CV

STYLE: LUIS BARBA AND SOLIA BARBA INDIVDIUALLY AND AS NEXT FRIENDS OF █████████████ A

MINOR CHILD VS GERBER PRODUCTS COMPANY

IN AND FOR THE: County Court at Law #2

THIS CITATION WAS EXECUTED BY MAILING AN EXACT COPY OF IT WITH AN EXACT COPY OF THE
PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY REQUESTS ATTACHED, TO THE DEFENDANT/S AND
ADDRESS NAMED ABOVE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.

DATED MAILED: FEBRUARY 13, 2020

CERTIFIED MAIL # 9414 7266 9904 2161 0772 92

FEE FOR RETURN $90.00

CARLEY SNIDER, CLERK OF THE COURT

POTTER COUNTY, TEXAS

BY: _____DEPUTY

THE STATE OF TEXAS                          COUNTY OF POTTER

THE RETURN RECEIPT WAS RECEIVED ON _____, BEARING A DELIVERY DATE OF
_____, AND IS ATTACHED HERETO AND MADE A PART OF THIS RETURN.

CARLEY SNIDER, CLERK OF THE COURT

POTTER COUNTY, TEXAS

BY: _____DEPUTY

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED:
_____, WHO AFTER BEING DULY SWORN STATED THAT
THE ABOVE FACTS ARE TRUE AND CORRECT. SUBSCRIBED AND SWORN TO BEFORE ME ON:
_____, 20___.

_____, NOTARY

MY COMMISSION EXPIRES: _____

Carley Snider
District Clerk
2/11/2020 8:00 AM
Potter County, Texas
By JW Deputy

CAUSE NO. 109517-2-CV _____

| | | |
|---|---|---|
| LUIS BARBA AND SOLIA BARBA INDIVDIUALLY AND AS NEXT FRIENDS OF ███████████ A MINOR CHILD | §§§§ | IN THE _____ ~~DISTRICT COURT~~ County Court at Law 2 |
| Plaintiffs, | §§§ | |
| v. | §§§ | IN AND FOR |
| GERBER PRODUCTS COMPANY, | §§§ | |
| Defendant. | § | POTTER COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY REQUESTS

To The Honorable Judge of Said Court:

Plaintiffs Luis Barba and Solia Barba, Individually and As Next Friends of ███████ ██████, a Minor Child ("Plaintiffs"), files this their Original Petition complaining of Defendant Gerber Products Company ("Gerber"), and would respectfully show the Court:

### I. Rule 190 Designation

1. Plaintiffs allege that discovery should be conducted under a Level 3 discovery control plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

2. Plaintiffs **Luis Barba and Solia Barba, Individually and as Next Friends for ████████ (a minor child)** are individual Texas citizens residing in Potter County, Texas.

3. Defendant **Gerber Products Company** is a domestic for-profit corporation. It may be served with process by serving its registered agent **Corporation Service Company D/B/A+ at 211 E/ 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter because the amount in controversy is in excess of the minimum jurisdictional limits of the Court.

5.      This Court has in personam jurisdiction over the Defendant because the Defendant is a resident of the State of Texas.

6.      Venue for this action is proper in Potter County, Texas, pursuant, but not limited to, Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to this case occurred in Potter County.

### IV. FACTUAL BACKGROUND

7.      On June 28, 2018, around 7:00 p.m., Plaintiffs sat down to eat dinner. Solia Barba opened a small container of Gerber "My First Fruits" pears baby food. Solia gave her baby (Upulie) the first bite and she was fine. It wasn't until the second bite where Solia noticed that ███ was starting to act funny. ███ initially acted as if she didn't like the taste and made a face as if she had bitten into a lemon. Solia than asked her "What is wrong baby you don't like it?" Soon after Solia looked over to ███ because she started to cough and that's when Solia noticed she had baby food coming out of her mouth and nose. Solia was confused and distraught as to what could be going on. Solia then began calming her other daughters down as they began to panic. Solia didn't think that her baby could possibly be choking on baby food. Solia then wiped ███ nose and mouth as she kept gagging on her food. Solia still didn't think ███ could be choking on baby food so she smelled the food to see if maybe it had gone bad. Solia then tried to give ███ a bottle to see if that would help. ███ shook her head as if she didn't want the bottle. Solia then wiped ███ face again because ███ still had food coming out of her nose.

---

8.     Solia then realized that ███ was choking. ███ opened her mouth big enough for Solia to see that there was something stuck in her mouth/throat. Solia then put her finger in the back of ███ throat and found a sharp piece of plastic. After Solia took the piece of plastic out of ███ mouth, she waited for a minute to let ███ stop gagging and struggling. Solia then poured out the rest of the food out onto a plate to see if there was anything else in it. Solia then tried giving ███ a bottle to calm her down but she was still struggling, grunting and crying.

9.     Solia was afraid, so the family decided to take ███ to the Baptist/St. Anthony's (BSA) Emergency Room. Solia ███ and her family arrived at BSA at approximately 8 p.m. After they were admitted, the ER doctor informed Solia that he was going to do an x-ray to make sure there wasn't anything else in her throat that could cause ███ distress. The ER doctor came back after a while to say that ███ had inflammation of the lungs due to aspiration and that he was going to put her on antibiotics (amoxicillin for 10 days) to help with the inflammation. The ER doctor also instructed Solia to make a follow-up appointment with ███ doctor at Texas Tech Pediatrics for the following day on June 29, 2018. The Barba family did not leave BSA hospital until 12 a.m. The next day at ███ follow-up appointment, the Texas Tech Pediatric doctor told Solia about the inflammation in ███ throat and the aspiration in her lungs and told Solia to keep an eye on her and to make sure she takes her medication.

## V.     CAUSES OF ACTION

### Negligence

10.     Plaintiffs incorporate by reference all of the above paragraphs of this Petition.

11.     At all times relevant and material hereto, Defendant Gerber Products Company was negligent in at least the following respects:

    a.     Failing to make sure that the Gerber "My First Fruits" pears baby food being sold to the public was edible;

b.    Failing to make sure that the Gerber "My First Fruits" pears baby food being sold to the public did not contain plastic pieces;

c.    Failing to properly inspect the Gerber "First Fruits" pears baby food to make sure that the baby food did not contain any extrinsic pieces of plastic when it was put into the stream of commerce.

d.    Failing to properly process and handle the Gerber "My First Fruits" pears baby food by allowing a foreign extrinsic object (plastic) into the food product;

e.    Failing to have proactive controls for plastic pieces entering into the food distributed by Gerber Products Company.

f.    Manufacturing and labeling the Gerber "My First Fruits" pears baby food by allowing a foreign extrinsic object (plastic) into the food product;

g.    Breaching the warranty that the food is wholesome and fit for human consumption.

Each of the above-described acts of negligence and/or negligence per se of Defendant Gerber Products Company was a proximate cause of the occurrence in question, and the injuries and the damages suffered by Plaintiffs, for which Plaintiffs seek recovery in an amount in excess of the minimum jurisdictional limits of this Court.

**Strict Products Liability**

12.    Plaintiff incorporates by reference all of the above paragraphs of this Petition.

13.    Defendant Gerber Products Company was and is engaged in the business of selling baby food including, but not limited to, Gerber "First Fruits" pears baby food, and thereby introduced the Gerber "First Fruits" pears baby food that is the subject of this lawsuit, into the channels of commerce.

14.    The Gerber "First Fruits" pears baby food that is the subject of this lawsuit was defective in design in the following ways:

a.    The Gerber "First Fruits" pears baby food contained an extrinsic piece of plastic;

b.     The Gerber "First Fruits" pears baby food was not wholesome and was not fit for human consumption;

c.     The Gerber "First Fruits" pears baby food was improperly manufactured and distributed; and

d.     The Gerber "First Fruits" pears baby food was an unsafe product as sold and distributed.

15.     The Gerber "First Fruits" pears baby food was defective as a food product for children.

16.     It would have been scientifically and economically feasible at the time the Gerber "First Fruits" pears baby food left the control of Defendant Gerber Products Company to make sure that the product did not have any extrinsic plastic pieces in the baby food that was intended for human consumption and/or provide adequate warnings that the Gerber "First Fruits" pears baby food might contain extrinsic products.

17.     These defects made the Gerber "First Fruits" pears baby food unreasonably dangerous to the intended users. These defects substantially contributed to the injuries of ▮▮▮▮ ▮▮▮▮ Proper inspections, manufacturing, labeling, and warnings for the purchasers and consumers of Gerber "First Fruits" pears baby food would have significantly reduced the risk of Upulie Barba and any other child consuming the Gerber "First Fruits" pears baby food from the substantial likelihood of injury and/or mitigated the injuries suffered by ▮▮▮▮▮▮

18.     On information and belief, each and all of these defects existed when the Gerber "First Fruits" pears baby food left the control of Defendant Gerber Products Company and that the defects complained of were substantially unchanged at the time of the incident. On information and belief, Defendant Gerber Products Company knew or should have known of these defects and the substantial risk of injury they posed.

19.     The acts and omissions on the part of Defendant Gerber Products Company give rise to a claim of strict products liability as that phrase has been defined by law.  The defects present in the Gerber "First Fruits" pears baby food were known to Defendant Gerber Products Company and were not remedied to make the Gerber "First Fruits" pears baby food reasonably safe prior to sale or use. These defects were a proximate cause of the incident giving rise to this case, and the injuries and damages suffered by Plaintiffs in their individual and representative capacities, for which they now sue for damages and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI.     CONDITIONS PRECEDENT

20.     All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

## VII.     DAMAGES

### Personal Injury Damages

21.     The negligence of the Defendant proximately caused the personal injuries and damages of ▮▮▮▮▮▮▮▮▮▮ a Minor Child.  Plaintiffs seek all damages to which they are entitled at law for personal, emotional and physical injuries sustained as a result of the Defendant's acts and/or omissions, as well as their personal, emotional and physical damage that will be sustained in the future as a result of the occurrence in question.  In particular, Plaintiffs are entitled to damages as a result of the conduct of the Defendant including, but not limited to:

a.     Medical, hospital, and pharmaceutical expenses, past and future;

b.     Physical pain and suffering, past and future;

c.     Emotional pain and suffering and mental anguish, past and future; and

d.     Lost wages.

---

21.     As a proximate result of the negligence of Defendant, and pursuant to Texas Rule of Civil Procedure 47 requiring a statement on damages, Plaintiffs seek damages in excess of $100,000.00. The actual amount awarded is within the sound discretion of the jury. Plaintiffs are only pleading this amount of damages, because the rules of procedure require a statement of damages, which has a direct effect on discovery and trial time.

**Gross Negligence**

22.     Plaintiff incorporates by reference all of the above paragraphs of this Petition.

23.     Plaintiff further alleges that the acts or omissions on the part of Defendant Gerber Products Company was such that, when viewed objectively from their independent standpoints involved an extreme degree of risk to Plaintiffs and the public considering the probability and magnitude of the potential harm to Plaintiffs, and of which Defendant Gerber Products Company had independent actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs. The acts and omissions on the part of Defendant Gerber Products Company constitute gross negligence as that phrase has been defined by law. The negligence and gross negligence of Defendant Gerber Products Company was a proximate cause of the incident giving rise to this case, and the injuries and damages suffered by Plaintiffs in their individual and representative capacities, for which they now sue for damages and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court.

**Punitive Damages**

24.     Plaintiffs seek punitive damages from Defendants for their gross negligence described above. These Defendants should be ordered by the Court to pay Plaintiffs an amount of money that the jury, in its discretion, assesses as a penalty and to deter others from engaging in similar conduct.

## VIII.   REQUEST FOR SPOLIATION INSTRUCTION

25.    On or about December 20, 2018, Gerber Products Company demanded that Plaintiffs send the Gerber "First Fruits" pears baby food packaging material and foreign object to them for inspection.  Plaintiffs were concerned about damage or loss of the items but complied with Gerber Products Company's request.  Plaintiffs sent the Gerber "First Fruits" pears baby food packaging material, serving spoon used on the day of the incident and foreign object to Gerber Products Company.  *See* Exhibits 1 through 7 attached hereto.   On or about January 4, 2019, Plaintiffs received some but not all of the items sent to Gerber Products Company for inspection. *See* Exhibit 8.  Gerber Products Company did not return the foreign object or piece of plastic that became lodged in ▇▇▇▇▇▇ throat as a result of the incident.  Plaintiffs' counsel immediately sent Gerber Products Company's representative, Adrianna, a letter advising Gerber Products Company that the piece of plastic that is the subject of this incident had not been returned.  *See* Exhibit 9.  Gerber Products Company has not responded to Plaintiffs' letter.  As a result of Gerber Products Company's failure to return the piece of plastic that is the subject of this incident, Plaintiffs requests a spoliation instruction to the jury.

## IX.   REQUEST FOR RECALL OF GERBER "FIRST FRUITS" PEARS BABY FOOD

26.    Due to the nature of the product defects involving the Gerber "First Fruits" pears baby food, the knowledge of Gerber Products Company, the failure of Gerber Products Company from preventing the Gerber "First Fruits" pears baby food from containing extrinsic plastic pieces, the inherent danger to the public from such unsafe product, and the intentional failure of Gerber Products Company from notifying the National Consumer Products Safety Commission about the defective Gerber "First Fruits" pears baby food involved in this case and that was sold to the general public, Plaintiffs request that this Court enter and order requiring Gerber Products Company to notify the National Consumer Products Safety Commission about the potential that

extrinsic plastic pieces may be contained in the Gerber "First Fruits" pears baby food and require that Gerber Products Company issue a recall of the Gerber "First Fruits" pears baby food so that no other children can be harmed or killed by this dangerous, defective and unsafe product.

## X.   DISCOVERY REQUESTS

26.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendant disclose the information and materials described in Rule 194.2(a) – (l) within the time provided by Texas Rule of Civil Procedure 194.3(a).

27.     Pursuant to Texas Rule of Civil Procedure 196 and 197, Plaintiff Solia Barba serves with this petition her First Discovery Requests to Defendant (Interrogatories and Requests for Production). These discovery requests must be answered within the time required by Texas Rules of Civil Procedure 196.2(a) and 197.2(a). The First Discovery Requests to Defendant are attached to the petition as Exhibit 10.

## XI.   TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

28.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendant that any and all documents produced in response to written discovery may be used as evidence in this case; and that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## XII.   RULE 47 STATEMENT OF DAMAGES

29.     As a direct and proximate cause of the conduct of Defendants, and pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek damages in excess of $100,000.00.

30.     Plaintiffs seek actual damages in an amount that the jury, in its common sense, wisdom, and discretion determines is appropriate to fully compensate the Plaintiffs for the harm and losses they have suffered, and for the physical pain, suffering, and mental and emotional

anguish that Plaintiffs endured as a result of seeing their daughter, ███████ choking, gagging and fighting for her life.

### XIII.  JURY DEMAND

31.    Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests a jury trial, and has previously tendered the appropriate fee.

### XVI.  PRAYER

Plaintiffs  Luis Barba and Solia Barba, Individually and as Next Friends for ███████ (a minor child) respectfully pray that Defendant Gerber Products Company be cited to appear and answer herein, and that upon final trial, Plaintiffs have and recover as follows:

a.    Judgment against Defendant for their actual damages in a sum in excess of the minimum jurisdictional limits of this Court;

b.    Judgment against Defendant for punitive and/or exemplary damages in a sum in excess of the minimum jurisdictional limits of this Court;

c.    An Order from this Court requiring Defendant Gerber Products Company to notify the National Consumer Products Safety Commission about the potential that extrinsic plastic pieces may be contained in the Gerber "First Fruits" pears baby food and require that Gerber Products Company issue a recall of the Gerber "First Fruits" pears baby food

d.    Prejudgment interest as allowed by law at the highest legal rate;

e.    Post-judgment interest as allowed by law at the highest legal rate;

f.    Cost of suit; and

g.    Such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Dated: February 10, 2020.

Respectfully submitted,

LOVELL, LOVELL, ISERN & FARABOUGH, L.L.P.
112 S.W. 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Tel. No. 806/373-1515
Fax No. 806/379-7176
Email: kevin@lovell-law.net

By: /s/ Kevin A. Isern
          Kevin A. Isern
          State Bar No. 10432900

ATTORNEYS FOR LUIS BARBA AND SOLIA BARBA,
INDIVIDUALLY AND AS NEXT FRIENDS FOR
██████████████, A MINOR CHILD

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS BARBA AND SOLIA BARBA INDIVDIUALLY AND AS NEXT FRIENDS OF ███████████ A MINOR CHILD | § § § § | IN THE _____ DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § § | IN AND FOR |
| GERBER PRODUCTS COMPANY, | § § | |
| Defendant. | § § | POTTER COUNTY, TEXAS |

### PLAINTIFF SOLIA BARBA'S FIRST DISCOVERY REQUESTS
### TO DEFENDANT GERBER PRODUCTS COMPANY

TO:    Defendant GERBER PRODUCTS COMPANY by service of citation and a copy of Plaintiffs Original Petition on its registered agent for service of process: Corporation Service Company D/B/A+ at 211 E/ 7th Street, Suite 620, Austin, Texas 78701-3218

Plaintiff SOLIA BARBA, Individually, submits the following interrogatories and requests for production, pursuant to Rules 196, and 197 of the Texas Rules of Civil Procedure.

**Interrogatories.** The interrogatories are to be answered separately and fully in writing under oath. The answer shall be preceded by the question or interrogatory to which the answer pertains. The answers are to be signed and verified by the person making them. The answers are to be served on the undersigned attorney within fifty-one (51) days after service hereof.

**Requests for Production.** The requests for production require you to produce all materials or things which are in the possession, custody or control of you, your agents, servants or attorneys as designated in the following Request for Production. **The documents or things are to be produced in the offices of Plaintiffs counsel for inspection and duplication.**

Please be advised that pursuant to Rule 196 you must make written response that shall state, with respect to each item or category of items, that inspection or production will be permitted or provided as requested and/or that you will comply with the Requests, except to the extent that written objections are made, stating specific reasons why such discovery will not be allowed. You are advised that your response to the Requests for Production shall be served within fifty-one (51) days after service on you.

Respectfully submitted,

Lovell, Lovell, Isern & Farabough
Kevin A. Isern,
SBN 10432900
Eagle Centre Building
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone No.: 806-373-1515
Facsimile No.: 806-379-7176
Email:kevin@lovell-law.net

By:    /s/ Kevin A. Isern
       Kevin A. Isern

ATTORNEYS FOR PLAINTIFFS

## I.
## DEFINITIONS

1.  **"Plaintiff"** refers to Solia Barba, Individually.

2.  **"Plaintiffs"** refers to Luis Barba and Solia Barba, Individually and as Next Friends for ▮▮▮▮▮▮▮ (a minor child).

3.  **"Gerber Products Company"** refers to Defendant Gerber Products Company, its attorneys, agents, representatives, experts, employees, or investigators, and all-natural persons, businesses, or legal entities acting in a representative capacity.

4.  **"Communication"** shall refer to telephonic conversations, oral conversations, other than telephonic conversations, and writings.

5.  **"Document"** means the original and non-identical copies of any written, typewritten, electronic, recorded, transcribed, printed, taped, photographic, or graphic matter, however produced or reproduced, whether sent or received or neither, including, but not limited to, all invoices, contracts, material files with government agencies, books, pamphlets, articles, letters, memoranda, files, envelopes, notices, instructions, reports, drafts, records, transcripts, diaries, studies or surveys, budgets, projected budgets, formal and informal financial statements, working papers, notes, charts, lists, comparisons, telegrams, cables, communications, minutes, transcriptions, graphs, tabulations, analyses, evaluations, projections, statements, summaries, desk calendars, appointment books, tapes, recordings, and other data compilations from which information can be obtained, within the possession or custody, or under the control, of the person of whom the request is made.

6.  **"Gerber "My Fruits" pears baby food"** refers to the package of Gerber "My Fruits" pears baby food involved in this incident.

7.  **"Or"** means and/or.
    **"And"** means and/or.

8.  **"Person"** means any natural person, firm, partnership, association, joint venture, corporation, governmental agency, or other organization or legal entity, however organized.

9.  **"Representative"** means officers, directors, partners, associates, employees, servants, accountants, agents, subsidiaries, and affiliates of a person or other persons acting on behalf of, or in concert with, such person, including without limitation attorneys and consultants.

10. "Settlement" as used herein, means any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal," "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or promise by or between you and any other party, whether a defendant in the pending litigation or not, whereby you have, in any way, released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in the pending litigation, whether before, after, or during trial, or before or after any jury verdict is returned herein, or a judgment is entered or rendered herein. The term "settlement" also means any resolution of the differences between you and any other party directly or indirectly responsible, in whole or in part, for the incident made the basis of this suit by loan to you of any device which is repayable, in whole or in part, out of any judgment you may recover against one or more defendants named in the pending litigation. The term "settlement" shall also include "Mary Carter Agreement" as the term is used under Texas Law.

11. "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract, deposit slip, bank statement, receipt, stock certificate, bond coupon, purchase and/or sale confirmation, monthly securities and/or commodities statements.

12. "You" or "your" shall refer to the person answering these requests for production on behalf of this Defendant.

## II.
## INSTRUCTIONS FOR WRITTEN INTERROGATORIES

A. The interrogatories shall be deemed continuing pursuant to Rule 197, Tex. R. Civ. P. as to require additional answers if you acquire additional information between the time the answers are served and the time of trial. Such additional answers shall be served reasonably, but not later than fifty-one (51) days after such further information is received.

B. Each interrogatory is to be considered as having been asked individually of you, and you shall file separate answers, first giving the question, followed by your response. The answering party is required to conduct a reasonable investigation in order to formulate an adequate response to each interrogatory.

C. Should you maintain that any of the interrogatories contained herein are ambiguous regarding the time frame in which you are to respond, you are instructed to provide a response correct as to the date of your compliance with the Plaintiffs requests for discovery.

D.  Whenever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the feminine and the feminine shall be deemed to include the masculine, the disjunctive "or" shall be deemed to include the conjunctive "and" and the conjunctive "and" shall be deemed to include the disjunctive "or", and each of the functional words "each", "every", "any" and "all" shall be deemed to include each of the other functional words.

E.  Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answers, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered interrogatory.

F.  Pursuant to Rule 197(2)(a), of the Texas Rules of Civil Procedure, you have until fifty-one (51) days after service of these interrogatories to provide your answers, and objections, if any, to Plaintiffs' counsel.

G.  If you maintain that a claim of privilege exists as to any of the interrogatories contained herein, you are instructed to fully and completely identify the specific privilege which you are asserting.

H.  If you maintain that any exemption(s) exist, pursuant to the Texas Rules of Civil Procedure, you are instructed to fully and completely identify the specific exemption which you claim exists as to the Plaintiffs requests for discovery.

I.  If you allege that any interrogatory contained herein is, in any manner ambiguous, you are instructed to describe in detail the reasons for your allegations that the interrogatory is ambiguous including, but not limited to, each interpretation which you allege the specific interrogatory is subject to. Further, you are instructed to respond, to the best of your ability, to the Plaintiffs interrogatories as to each interpretation which you allege may be given to the interrogatory in question.

J.  If you object to any of the interrogatories contained herein, you are instructed to identify, with specificity, the specific procedural rule or substantive law upon which you base your objection.

### III.

### <u>INSTRUCTIONS TO REQUESTS FOR PRODUCTION</u>

A.  Plaintiff does not attempt to obtain any document or information that is subject to a privilege or an exemption under the Texas Rules of Civil Evidence or Rule 196 of the Texas Rules of Civil Procedure.

B.  Unless otherwise specified, each request for a document contemplates its production in full, without abbreviation or expurgation.

C.  Unless otherwise specified, this request calls for documents written, prepared, sent, or received on or after January 1, 2014 and before the date of this request.

D.  If you allege that any request for production contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons you allege that the request is ambiguous, including, but not limited to, each interpretation to which you allege the specific request for production is subject.  Further, you are instructed to respond, to the best of your ability, to these requests for production as to each interpretation which you allege may be given to the request in question.

E.  If you object to any of the requests for production contained herein, you are instructed to identify the specific procedural rule(s) or substantive law(s) upon which you base your objection.

F.  It is requested that all documents and/or other data compilations that might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving these documents cease.

G.  If any requested document has been destroyed or otherwise disposed of, that document is to be identified, together with the person authorizing destruction or other disposition and the person destroying or disposing of the document.

H.  If it is not possible to produce any document called for by this request, please explain why it is not possible.

I.  Each request calls for all documents within your possession, custody, or control, or the possession, custody, or control of your attorneys, wherever located, including (but not limited to) documents placed in independent storage facilities, documents pertaining to business entities acquired, divested, or abandoned by you, and documents in the possession of any representative of you (whether located at the representative's residence or place of business).

J.     Pursuant to Rule 196(3)(b) of the Texas Rules of Civil Procedure, each document is to be produced as it is kept in the usual course of business, in its original file folder, file jacket, or cover (or you shall designate in writing the titles of the folder, jacket, or cover for each document), and the company, division, department, and individual from whose files the document is being produced is to be included.

K.     Each paragraph should be construed independently and not by reference to any other paragraph for the purpose of limitation.

L.     The use of any tense shall be construed as the use of all other tenses, if necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

M.    A plural shall be construed as a singular, and a singular shall be construed as a plural, if necessary, to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

N.     The Definitions apply to any grammatical variant of the term or phrase defined.

0.     The following instructions apply to all requests:

    1.    In producing documents and things, indicate the paragraph and subparagraph to which a produced document or thing is responsive.

    2.    In producing documents and things, furnish all documents or things known or available to you, regardless of whether such documents or things are possessed directly by you or your representative.

    3.    If any requested documents or things cannot be produced in full in the time specified, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unproduced portion.

    4.    If any documents or things were at one time in existence, but are no longer in existence, then so state, specifying for each document or thing:

        a.    The type of document or thing;
        b.    The types of information contained thereon;
        c.    The date upon which it ceased to exist;
        d.    The circumstances under which it ceased to exist;
        e.    The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
        f.    The identity of all persons having or had knowledge of the contents thereof.

5.  This request for production of documents is deemed to be continuing. If after producing documents and things you are aware of any further documents, things, or information responsive to this request for production of documents, you are required to produce such additional documents and things and provide such additional information.

6.  File folders with tabs or labels identifying documents called for by this request must be produced intact with such documents.

7.  Selection of documents from the files and other sources and the numbering, if any, of such document shall be performed in such a manner as to insure that the source of each document may determined, if necessary.

8.  Documents attached to each other should not be separated.

9.  In lieu of producing originals or copies thereof responsive to this request, you may at your option submit legible photographic or other reproductions of such documents, provided that the originals or copies from which such reproductions were made or retained by you until the disposition of this litigation.

## IV.
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**   Please state the full and correct name of Gerber Products Company, the correct business address, the date on which it was incorporated, the state of incorporation, the state(s) where is authorized to do business, and the names and addresses of all officers, directors, shareholders, and employees from January 1, 2018 to the present.

    **RESPONSE:**

**REQUESTFORPRODUCTION NO.1:**   Please produce any and all documents or tangible things, regarding or referencing the corporate structure of this defendant from the date of its incorporation to the present, including, but not limited to, articles of incorporation, articles of dissolution, dissolution agreements, asset purchase agreements, merger and acquisition agreements, name changes, certificates of assumed name, assumptions of liability, documents reflecting predecessor or successor corporations, documents reflecting the sale or acquisition of assets, shares of stock, contracts, by-laws, minutes or corporate meetings and documents related to capitalization.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   Please produce a list of all Gerber "First Fruits" pears baby food made with the following dates and identification numbers:
21NOV18  09:18
PEAR 7325T065

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   Please produce the name of each person who was involved in the production, packaging, and delivery of the Gerber "First Fruits" pears baby food made with the following dates and identification numbers:
21NOV18  09:18
PEAR 7325T065

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   Please produce a list of all distributors and/or retailers of Gerber "First Fruits" pears baby food made with the following dates and identification numbers:
21NOV18  09:18
PEAR 7325T065

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.5:**   Please produce all documents related to the prevention of foreign or extrinsic material getting into Gerber Products Company products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Please produce all inspections, maintenance, changes, recalls, modifications, and work of any kind performed on the Gerber "My Fruits" pear baby food that is the subject of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Please produce all documents referencing persons and entities that have inspected, maintained, changed, issued recalls, notified the public of any potential dangers, modified, or worked on the Gerber "My Fruits" pear baby food that is the subject of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Please produce Gerber Products Company's complete file related to the Plaintiffs and/or the Gerber "My Fruits" pear baby food that is the subject of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all safety training received by Gerber Products Company employees, agents, or representatives of Gerber Products Company regarding the prevention of foreign or extrinsic materials ending up inside Gerber Products from January 1, 2018 to the present including the persons/entities that presented the safety training, all materials provided at the presentation, and all persons present during the presentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents and/or communications to and/or from the Consumer Product Safety Commission ("CPSC") investigations and violations related to any Gerber Products containing foreign or extrinsic material similar to the incident forming the basis of this lawsuit including, but not limited to, the subject matter made the basis of this lawsuit. This includes, but is not limited to, CPSC violations, investigative reports, and all communications between Defendant and the CPSC.

**RESPONSE:**

**INTERROGATORY NO. 2:** Please state whether or not Gerber Products Company believes that consumer safety is of paramount importance in the sale and use of its food products.

**RESPONSE:**

**INTERROGATORY NO. 3:** If your response to Interrogatory No. 2 is yes, please explain why Gerber Products Company did not issue a recall for Gerber "My Fruits" pear baby food state whether or not Gerber Products Company believes that consumer safety is of paramount importance in the sale and use of its food products.

**RESPONSE:**

**INTERROGATORY NO. 4:** Please state your opinion and/or contention of what caused the foreign extrinsic material consisting of a piece of plastic ended up inside the Gerber "My Fruits" pear baby food that is the subject of this incident. Please state all facts upon which you base your contention and/or opinion, and name all witnesses that will provide testimony to support your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents and tangible things upon which you base your response to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 5:** State in your own words how the incident forming the basis of this lawsuit occurred. Please state all facts upon which you base your response and name all witnesses that will provide testimony to support your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents and tangible things that support or refute your response to the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce any and all documents and tangible things that support or refute your response to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 6:** If you contend another person or entity is responsible for the incident made the basis of this lawsuit and/or resulting injuries, please describe in detail your contention, explain what your contention is based on, identify what facts support your contention, and fully identify the other person or entity that you contend is responsible.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents relied upon by you in responding to the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all manuals on safe and proper procedures and methods for manufacturing and packaging Gerber "My Fruits" pear baby food.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Please provide the following information regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    a.    The consulting expert's name, address, and telephone number. TEX. R. CIV. P. 192.3(e)(l);

    b.    The subject matter on which a consulting expert was consulted. TEX. R. CIV. P. 192.3(e)(2);

    c.    The consulting expert's mental impressions and op1mons formed or made m connection with this case.  TEX. R. CIV. P. 192.3(e)(4); and

    d.    The identity of the testifying expert who reviewed the consulting expert's mental impressions or opinions.   TEX. R. CIV. P. 192.3(a).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    a.    All documents showing the subject matter on which the expert will testify;

    b.    All documents showing the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case;

    c.    All documents showing the expert's mental impressions and opinions formed;

    d.    All documents showing any bias of the expert;

    e.    His/her reports containing his/her opinions in this case;

    f.    All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony; and

    g.    The expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Please produce all medical records concerning Upulie Barba obtained by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Please produce all documents or tangible things which you contend or believe rebut, impeach, clarify, or alter the claimed damages of Upulie Barba (either by methodology, amount, or non-allow ability of certain components of claimed damages) or which you contend or believe prove, evidence, or demonstrate what you contend are the true, accurate, complete, or correct damage calculations of Plaintiffs damages.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Please state your opinion and/or contention, if any, regarding the cause of the injuries suffered by Upulie Barba as a result of this incident.  Please state all facts upon which you base your opinion and/or contention and identify all witnesses who support or refute your opinion and/or contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  Please produce all documents or tangible things which you contend, believe, or assert prove, infer or establish the cause or causes of Plaintiffs medical problems.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Please produce all photographs, films, movies, photographic reproductions, or videotapes in your possession which relate in any way to how the injury happened forming the basis of this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 9:**  Please identify all persons/entities in the distributive chain involving the Gerber "My Fruits" pear baby food forming the basis of this lawsuit. Include in your response the identity of the designer, manufacturer (including component part manufacturer), distributor, retail seller, and retail/end purchaser of the Gerber "My Fruits" pear baby food in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents and tangible things illustrating all persons involved in the design, manufacture, distribution, packaging, and marketing of the Gerber "My Fruits" pear baby food that forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents and tangible things relating to the design, manufacture, distribution, packaging, and marketing of the Gerber "My Fruits" pear baby food involved in this incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all documents and tangible things pertaining to whether the Gerber "My Fruits" pear baby food forming the basis of this lawsuit was inspected after packaging and before shipping for any foreign material or extrinsic matter in the baby food container. If the answer is "YES," then produce all documents and tangible things pertaining to such inspection  If the answer is "NO," then please produce all documents and tangible things explaining or referring to why no such inspection was undertaken by Gerber Products Company prior to shipping the product forming the basis of this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 10:** Have you conducted any test, experiment, or accident recreation/reconstruction evidence from which, or the results of which, you will attempt to introduce into evidence in a trial of this cause? If so, please describe any test, experiment, or accident recreation/reconstruction, and the name, address, and telephone number of the custodian of said test, experiment, accident recreation/reconstruction.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all documents or tangible things reflecting any test, experiment, or accident recreation/reconstruction that you will attempt to introduce into evidence at trial.

**RESPONSE:**

**INTERROGATORY NO. 11:** Please identify all standards and safety specifications which pertain to the design, manufacture, construction/assembly, and/or packaging of the Gerber "My Fruits" pear baby food in question, and identify fully each standard or safety specification with which you did strictly comply in the design, manufacture, construction/assembly, and installation of the Lincoln Elevator in question.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 25:**      Please produce all standards and safety specifications identified in the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents and tangible things reflecting design changes in the Gerber "My Fruits" pear baby food and/or packaging since its introduction into the market.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents and tangible things reflecting all pre-accident tests, evaluations, or studies done regarding the safety of the Gerber "My Fruits" pear baby food, or any risk analysis directed toward the risk of injury from the absence of (a) an emergency kill/shut-off switch and (b) safety guard.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Please produce any and all documents and tangible things reflecting prior and subsequent notices of accidents or injuries involving the Gerber "My Fruits" pear baby food where it was alleged that the Gerber "My Fruits" pear baby food caused injury and/or it was alleged that the Gerber "My Fruits" pear baby food was defectively designed, manufactured, packaged and/or sold. This would include any and all claims ever made pertaining to the Gerber "My Fruits" pear baby food that involved bodily injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Please produce any and all pamphlets, brochures, operating instructions, user manuals, written instructions, and/or sales literature that would have accompanied this product at the time of sale, and/or similar literature used to market the type of product made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Please produce any and all pictures, photographs, videotapes, surveillance movies, charts, documents, records, copies of results of any tests, measurements, or diagrams regarding the incident and claims forming the basis of this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 10:** Please identify all injuries that have occurred in the ten (10) years prior to the incident forming the basis of this lawsuit and since the date of the incident forming the basis of this lawsuit where a person was injured by the Gerber "My Fruits" pear baby food.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Please produce any and all documents or tangible things, not otherwise identified above, which you intend to offer in evidence or use for demonstrative purposes at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Please produce a copy of any surveillance movies, videotapes, audio recordings, or photographs which have been made of Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Please produce any and all photographs or videotapes made by you of the Gerber "My Fruits" pear baby food in question either before or after the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Please produce a copy of any and all notices, recalls, or information sent to you by the manufacturer, distributor, retailers, or other persons related to the Gerber "My Fruits" pear baby food at any time and/or since the date you found out about the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Please produce any CD ROM, videotape, motion picture, memoranda, or other audiovisual materials you use in communicating the potential hazards and/or dangers of foreign or extrinsic material that may be contained in the Gerber "My Fruits" pear baby food.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**   Please produce any and all contracts, memoranda, and/or agreements, entered into between you and any other person(s) or company you believe to be responsible for the injuries made the basis of this case.

**RESPONSES:**

**REQUEST FOR PRODUCTION NO. 37:** Please produce a copy of an audited and/or certified financial statement showing the net worth of Gerber Products Company. If no such document exists, then Gerber Products Company will be asked to produce those documents which may reflect its net worth (including the corporation's income tax returns for a period of three (3) years prior to the injury made the basis of this lawsuit). This party is willing to enter into a confidentiality agreement limiting disclosure of this information and would request Gerber Products Company to contact counsel for Plaintiffs to enter into this agreement prior to any deposition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Please produce a copy of your accident prevention manual and/or accident prevention manual that was used or was available and relied upon prior to the injury made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Please produce any and all documents referring to a corrective action that was taken by you as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

Filed
Jennifer Snider
District Clerk
3/4/2020 1:08 PM
Potter County, Texas
By PB Deputy

CASE NO. 109517-2-CV



| | | |
|---|---|---|
| LUIS BARBA AND SOLIA BARBA | § | IN THE COUNTY COURT AT LAW 2 |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF ▮▮▮▮▮▮▮▮▮▮ A | § | |
| MINOR CHILD | § | |
| *Plaintiffs,* | § | |
| | § | IN AND FOR |
| v. | § | |
| | § | |
| GERBER PRODUCTS COMPANY | § | |
| *Defendant.* | § | POTTER COUNTY, TEXAS |

## DEFENDANT GERBER PRODUCTS COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Gerber Products Company ("Defendant" herein), and files this its Original Answer and Affirmative Defenses and would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

1.     As authorized by Rule 92, Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations found in Plaintiffs' Original Petition and, since they are allegations of fact, the Plaintiffs should be required to prove the allegations asserted against Defendant by a preponderance of the evidence in accordance with the laws of the State of Texas.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

2.      Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiffs' recovery of medical expenses must be limited to costs actually paid or incurred by Plaintiffs pursuant to TEX. CIV. PRAC. & REM. C. § 41.0105.

3.      Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiffs' recovery of economic and non-economic damages is limited, pursuant to Tex. Civ. Prac. & Rem. Code. § 41.001, *et. seq.*

4.      Pleading further, and without waiver of the foregoing, Defendant denies that Plaintiffs' injuries and damages, if any, proximately resulted from any act or omission on the part of this Defendant.

5.      Pleading further, and without waiving the foregoing, Plaintiffs' injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of this Defendant.

6.      Subject to the above pleadings and pleading affirmatively, Defendants would respectfully show the court that Plaintiffs are not entitled to any award of exemplary damages.

7.      Pleading further, and without waiver of the foregoing, Defendants respectfully allege that if exemplary damages are awarded, any award should be subject to the limits imposed by the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code.

8.      Pleading further, and without waiver of the foregoing, any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19, of the Texas Constitution, in that:

      a.      Such punitive damages are intended to punish and deter Defendant and thus this proceeding becomes essentially criminal in nature.

b.      The Defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

c.      Plaintiffs' burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's rights to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendant under Article 1, Section 19, of the Texas Constitution; and

d.      Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs' Petition purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the due Process Clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19, of the Texas Constitution.

9.      Pleading further, and without waiver of the foregoing, Defendants respectfully allege that Plaintiffs' claim for punitive or exemplary damages violates the Defendants' rights to protection from being subjected to excessive fines, as provided in Article 1, Section 13, of the Texas Constitution.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Gerber Products Company respectfully prays that Plaintiffs take nothing herein, that Defendant be dismissed with its costs, and that Defendant recover costs of Court, and all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT LLP**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
12912 Hill Country Boulevard, Suite F210
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic mail, on this the 4th day of March 2020:

Kevin A. Isern
Lovell, Lovell, Isern & Farabough, LLP
112 S.W. 8th Avenue
Suite 1000
Amarillo, Texas 79101-2314
*Kevin@lovell-law.net*
*Attorney for Plaintiff*

C. Robert Dorsett, Jr.